In the Matter of David A. CASTONGUAY, Patti Castonguay, Debtors.

JOHN DEERE COMPANY, Plaintiff,

v.

David A. CASTONGUAY, Patti Castonguay, Defendants.

Bankruptcy Nos. 78–551, 78–552.

United States Bankruptcy Court,
D. Maine.

Dec. 21, 1979.

Gerald S. Cope, trustee.

Ronald J. Cullenberg, Farmington, Me., for plaintiff.

John E. Crouch, Auburn, Me., for defendants.

MEMORANDUM DECISION

FREDERICK A. JOHNSON, Bankruptcy Judge.

The issue in this proceeding is whether or not the Plaintiff, John Deere Company, has a perfected security interest in a snowmobile. The relevant facts are not in dispute.

The facts giving rise to this controversy appear below in chronological order:

The 108th Maine Legislature at its first regular session (January 5, 1977 to July 25, 1977) enacted P.L. 1977, ch. 526, which amended several sections of Maine's version of the Uniform Commercial Code. Chapter 526 repealed 11 M.R.S.A. 9–401. Section 9–401 provided that the proper place to file in order to perfect a security interest in consumer goods was "in the office of the clerk of the municipality [of the debtor's residence] . . . ."

The repealed section was replaced by § 9–401–A, which provided, as pertinent here:

(1) The proper place to file in order to perfect a security interest is as follows:

. . . . .

b. In all other cases, in the office of the Secretary of State. . . .

Chapter 526 provided that its effective date would be January 1, 1978.

On December 19, 1977 the debtors purchased the snowmobile in question from a dealer in Auburn, Me. In connection with the transaction they executed a security agreement and financing statement.

On December 21, 1977 the dealer assigned its rights to the Plaintiff.

On January 1, 1978 UCC § 9–401–A became effective.

On January 24, 1978 the financing statement which was executed on December 19,

1977, was filed with the office of the Secretary of State.

The 108th Legislature, at its second regular session (January 4, 1978 to April 6, 1978) enacted P.L. 1977 chapter 586, effective January 31, 1978, retroactive to January 1, 1978. Chapter 586 contained an emergency preamble:

> Whereas, the absence of any transition provisions in public law, 1977, chapter 526 creates great uncertainty as to the applicable law in many secured transactions and great difficulty in determining the relative rights and obligations of debtors and secured parties; . . .

Chapter 586 enacted 11 M.R.S.A. Article 10, which was designed to correct the "great uncertainty" referred to in emergency preamble.

On October 12, 1978 the debtors' Chapter XIII petition was filed.

The standing Chapter XIII Trustee questions the perfection of the Plaintiff's security interest on the ground that the proper place to file in order to perfect a security interest, which attached on December 19, 1977, was with the clerk of the municipality of the debtor's residence at the time the security interest attached and not with the Secretary of State.

The Plaintiff, of course, argues that when the financing statement was filed on January 24, 1978 the "new Code" so-called, was in effect and the new Code required filing with the Secretary of State.

– DISCUSSION –

We have carefully reviewed Article 10. Although the Legislature, unfortunately, did not provide for the fact situation present here, it is apparent from that Article and from 9–401–A that the clear legislative intent was to provide for centralized filing and to further provide that filing with the Secretary of State subsequent to January 1, 1978 would perfect a security interest which attached prior to that date.

■ Maine's system of "notice filing" is designed to do no more than apprise creditors that a secured party may have a security interest in the collateral described in the financing statement.

The case law makes it abundantly clear that a financing statement is intended merely to 'put a searcher on notice that an underlying security agreement may be outstanding. . . .' *In re Cushman Bakery*, 526 F.2d 23 (1st Cir. 1975).

■ Under the "new Code", which wisely provides for centralized filing for perfection of security interests, an interested party's first inquiry would logically be with the office of the Secretary of State. Such inquiry would reveal the Plaintiff's security interest in the Debtors' snowmobile.

An appropriate order will be entered today.